**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Travel Assets, Inc. and Gregg Gorski,

Plaintiffs,

v.

Maduro Distributors Inc. doing business as The Loon and Mohammed Wazwaz,

Defendant.

Case No. 26-cv-04724-JRT-EMB

**PRETRIAL SCHEDULING ORDER**

---

The following schedule will govern these proceedings unless modified pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.3.

**SUMMARY OF IMPORTANT DATES:**

Initial Disclosure Deadline: **June 22, 2026**

Joinder and Amended Pleadings Deadline: **August 14, 2026**

Amendment to Add Punitive Damages Deadline: **September 18, 2026**

Status Conference: **October 16, 2026, at 9:00 a.m.**

Fact Discovery Completion Deadline: **December 18, 2026**

Expert Deadlines
- Disclosures:
  - Plaintiff – **February 1, 2027**;
  - Defendant – **March 1, 2027**;
  - Rebuttal – **March 15, 2027**
- Depositions: **April 16, 2027**

Non-Dispositive Fact Discovery Motion Deadline to **Serve and File: January 8, 2027**

Non-Dispositive Motion Deadline to **Serve and File: April 30, 2027**

Dispositive Motion Deadline to **file, serve, schedule: June 16, 2027**

Trial Ready Date: **September 20, 2027**

**FACT DISCOVERY**

1. The parties must make their **initial disclosures** under Rule 26(a)(1) on or before **June 22, 2026**. If a description by category and location of the documents is offered pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), the party will provide a copy of their initial disclosure documents by **July 22, 2026.**

2. Written Discovery

    A. No more than a total of **25** interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

    B. No more than **50** document requests shall be served by each side. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B).

    C. No more than **30** requests for admissions shall be served by each side.

3. No more than **5** factual depositions, excluding expert witness depositions, shall be taken by each side. The parties agree to cooperate in scheduling depositions at mutually agreeable times. Depositions may be conducted remotely by videoconference unless otherwise agreed by the parties. The parties further agree that Rule 30(b)(6) deposition notices shall reasonably identify the matters for examination with sufficient particularity. The parties will meet and confer in good faith regarding the scope and scheduling of any corporate representative depositions.

4. The parties must commence fact discovery procedures in time to be completed on or before **December 18, 2026**.

## EXPERT DISCOVERY

1. Each side may call no more than **2** expert(s) to testify, and one deposition may be taken of each testifying expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule 26(a)(2)(B) (including the written report prepared and signed by each expert witness), and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

   Initial Experts:
   Identification of initial experts by Plaintiff on or before **January 15, 2027**. Disclosures under Rule 26(a)(2)(B) and 26(a)(2)(C) of initial experts by Plaintiff on or before **February 1, 2027**.

   Identification of initial experts by Defendant on or before **February 15, 2027**. Disclosures under Rule 26(a)(2)(B) and 26(a)(2)(C) of initial experts by Defendant on or before **March 1, 2027**.

   Rebuttal Experts:
   Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures of experts who may testify in rebuttal to any initial expert on or before **March 15, 2027**.

3. All expert discovery, including expert depositions, must be completed by **April 16, 2027**.

## PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY

The parties have discussed the scope of discovery, including relevance and proportionality and any issues about preserving discoverable information. The parties have also discussed electronic discovery and agree upon the following:

The parties agree to preserve potentially relevant electronically stored information, including emails, electronically stored business records, invoices, purchase records, sales records, communications with suppliers or distributors, website or marketplace listings, and financial records relevant to the claims and defenses asserted in this action. At this time, the parties do

not anticipate unusually burdensome electronic discovery. The parties agree to meet and confer in good faith regarding the scope and format of electronically stored information production should disputes arise.

## NON-DISPOSITIVE MOTIONS

### A. Dates

1. **Motions to amend**. If the non-movant argues futility in opposition to a motion to amend, the movant may file a reply brief in support of the motion to amend within three (3) business days after the opposition is filed.

**a.** Motions to amend the pleadings and/or join other parties must be filed and served by **August 14, 2026**.

**b.** Motions to amend the pleadings to include punitive damages, if applicable, must be filed and served by **September 18, 2026**.

2. All non-dispositive motions relating to *fact* discovery must be filed and served by **January 8, 2027**.

3. All other non-dispositive motions, including motions relating to *expert* discovery, must be filed and served by **April 30, 2027**.

### B. Non-Dispositive Motion Procedures

Unless a motion is unopposed, the moving party must contact Magistrate Judge Bullard's Chambers at 651-848-1620 or Bullard_Chambers@mnd.uscourts.gov to schedule a hearing. **A hearing date must be requested before the motion is filed, even if the parties agree that no hearing is necessary**. If the parties agree that a hearing is not necessary, the moving party must contact Chambers to get a date for submission of the matter to the Court and should include a statement to that effect in the Notice of Hearing. Magistrate Judge Bullard will determine whether to hold a hearing at her discretion.

Once the moving party secures a hearing date, it must promptly serve and file the notice of hearing informing all parties of the nature of the motion and the date, time, and location of the hearing. The moving party may serve and file the motion and remaining motion papers in accordance with the

dates prescribed by Local Rule 7.1, unless a different briefing schedule is set. A party may not call Chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

Parties that fully resolve a pending motion should notify Chambers as soon as possible so that any scheduled hearing can be removed from the calendar. If the parties partially resolve a pending motion, please notify Chambers to let the Court know what matters the Court no longer needs to address. If time permits, notification should be by joint stipulation, as provided by Local Rule 7.1(a)(2). To withdraw a motion, the moving party should file a notice formally withdrawing the motion on CM/ECF.

The parties should inform Chambers of all other pending or anticipated motions so the motions can be heard at the same time. Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

All motions must be filed and served within the time periods set forth in this Order and the Local Rules.

### C. Procedures for Discovery Disputes

**First, the parties must meet and confer** either in-person, telephonically, or by video and make a good-faith effort to settle their dispute, pursuant to Local Rule 7.1. This requirement is intended to lead to a meaningful, good-faith exchange of views, and if possible, a full or partial resolution of the issue(s) in dispute. To satisfy Rule 7.1(a), parties must diligently attempt to resolve their dispute(s) in person or by videoconference or telephone. Solely exchanging emails, letters, or voice messages is considered insufficient.

**Second, the movant must request an informal conference call with the Court**. The purpose of this call is to explore narrowing the discovery dispute, confirm that informal dispute resolution is considered, and to discuss the most efficient way to brief disputed issues. The movant must request an informal conference with the Court by submitting a **SHORT JOINT EMAIL** to chambers at Bullard_Chambers@mnd.uscourts.gov stating:

a) the discovery dispute;
b) whether all parties agree to informal dispute resolution; and

c) any other information that would be helpful to the parties and the Court in resolving the dispute in a just, speedy, and inexpensive way. No attachments are permitted. The Court will then schedule a conference call.

The informal conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1. It does not mean that the parties concede to informal dispute resolution.

**Third, the movant files a notice of motion** and the parties will either (1) submit the letters required for the informal dispute process, or (2) file briefing on a formal motion to compel. The process utilized to resolve a particular dispute does not determine the process to be followed to resolve a subsequent dispute.

**Informal Dispute Resolution Process**

To invoke the informal process described herein, the parties must all agree to use it.

The parties jointly schedule a telephonic hearing by contacting Magistrate Judge Bullard's chambers, at 651-848-1620 or Bullard_Chambers@mnd.uscourts.gov. Once the parties have secured a hearing date, the moving party must promptly file a notice of motion informing all parties of the nature of the motion and the date, time.

If the parties agree to resolve the dispute through the informal process, each side shall submit a letter, up to 3 pages, outlining their arguments. Letters should be served and emailed to Chambers at least two business days before the telephone hearing. Parties need Court permission to include exhibits that extend the length of the letter beyond three pages. Judge Bullard will issue a decision at the time of the hearing or shortly thereafter and the parties agree that no appeal of the ruling will be taken.

**Formal Process**

If a discovery motion is related to written discovery or the contents of depositions, the parties must fill out a chart in the below format that describes each disputed discovery request and response; each party's position, and the moving party's last offered compromise.

| Discovery Request at Issue (state verbatim the request) | Moving Party's Position | Responding Party's Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

This chart must be in Word format and emailed at least three business days before the hearing to chambers at: Bullard_chambers@mnd.uscourts.gov. Failure to provide this chart to the Court as required by this scheduling order will result in the cancellation of the hearing.

**DISPOSITIVE MOTIONS**

All dispositive motions and supporting documentation (notice of motion, motion, exhibits, affidavits, memorandum of law, and proposed order) shall be served and filed by the moving party on or before **June 16, 2027**. All dispositive motions must comply with Local Rule 7.1. Responses to dispositive motions shall be filed with the Court and served on or before 21 days after service of the supporting memorandum to the original motion. Replies to responsive briefs shall be served and filed 14 days after service of the response to the dispositive motion. Upon the motion being fully briefed and filed, counsel for the moving party shall email Judge John R. Tunheim's chambers at tunheim_chambers@mnd.uscourts.gov to request a hearing date. Upon receiving a hearing date, time and location from Judge Tunheim's Courtroom Deputy, the moving party shall file an amended notice of hearing at that time.

**PRIVILEGE/PROTECTION**

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

## PROTECTIVE ORDER

The parties must jointly submit to the Court either a proposed protective order or a report identifying areas of disagreement on or before **June 22, 2026**. In the interim, any documents that any producing party believes should be governed by a protective order shall be produced to opposing counsel for the attorney's review only and shall not be withheld on the basis that no protective order is yet in place. After the protective order is entered, the producing party must designate the documents under the protective order.

## FILING UNDER SEAL

Local Rule 5.6 governs filing under seal. Counsel must be familiar with and comply with Local Rule 5.6 on filing documents under seal in civil cases.

When moving for continued sealing, as required by Local Rule 5.6(d)(2)(A), the description of the reason for continued sealing must:

a. be brief (*e.g.* "The document contains trade secret information regarding the Coca-Cola formula.");

b. be specific to each document filed under seal;

c. must not contain lengthy legal argument; and

d. may not simply state that the document is designated confidential pursuant to a protective order.

To ensure consistency in sealing orders and enhance efficiency, each party is encouraged to keep a log of documents it has filed under seal and must—in its motion for continued sealing—inform the Court if a document has been previously filed under seal in the action and the resolution of any prior joint motion for continued sealing as to the document. If a document has already been ordered sealed by the Court, the reason for continued sealing may simply state "previously sealed by the Court per Dkt. No. ___."

## PRACTICE POINTERS AND PREFERENCES

Please refer to Magistrate Judge Elsa M. Bullard's Practice Pointers and Preferences which may be found on the Court's website.

## STATUS CONFERENCE AND SETTLEMENT CONFERENCE

A Zoom status conference to update the Court on discovery and discuss the timing of a settlement conference is scheduled for **October 16, 2026, at 9:00 a.m.** The Court will provide a Zoom link.

## TRIAL

This case shall be ready for jury trial as of **September 20, 2027**.

Date: June 15, 2026

*s/Elsa M. Bullard*
ELSA M. BULLARD
United States Magistrate Judge